■ KATHLEEN SCHAEFFER, Appellant-Respondent, v ROBERT SCHAEFFER, Respondent-Appellant.—In an action for a divorce and ancillary relief, (1) the plaintiff wife appeals from a judgment of the Supreme Court, Queens County (Corrado, J.), entered January 9, 1987, which, *inter alia,* (a) ordered the sale of the marital residence and directed that the net equity be divided equally between the parties and that the plaintiff pay to the defendant, from her share of the proceeds, "one-half of the amount of monies paid by [the] defendant to satisfy the marital debts" and (b) awarded her only $2,900 as a distributive award, representing the plaintiff's share of the defendant's pension; (2) the plaintiff purportedly appeals from an alleged order of the Supreme Court, Queens County, entered April 3, 1987; and (3) the defendant cross-appeals from so much of the judgment as (a) ordered a $2,900 lump-sum pension award without taking into consideration the tax consequences of the distribution, and (b) directed him to pay $250 per week in child support and, as part of the child

support obligation, all reasonable medical and dental expenses in addition to the mortgage and utility bills until the sale of the marital house.

Ordered that the purported appeal from the alleged order is dismissed, without costs or disbursements; and it is further,

Ordered that the judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The purported appeal from the order allegedly entered on April 3, 1987, must be dismissed for failure to perfect the same in accordance with the rules of this court (22 NYCRR 670.20 [f]) and because there is no evidence that any such order exists.

Under the circumstances of this case, we find that the trial court did not err in ordering that the marital home be sold and that the proceeds of the sale be equally divided between the parties, with the husband to be credited with 50% of the amount he had paid in satisfaction of certain marital debts. The court duly considered the financial positions of the parties and implicitly decided that custodial considerations did not require continued occupancy of the marital home *(see, Capasso v Capasso,* 119 AD2d 268).

We further find that the trial court properly awarded plaintiff a lump-sum award of $2,900, which represented approximately one half of the pension benefits which accrued during the marriage *(see,* Domestic Relations Law § 236 [B] [1] [c]; *Majauskas v Majauskas,* 61 NY2d 481, 485-486; *McDermott v McDermott,* 119 AD2d 370, *appeal dismissed* 69 NY2d 1028), and that the defendant's contention regarding the trial court's alleged failure to consider the tax ramifications attendant thereto is without merit.

Equally unavailing is the defendant's contention that his child support obligations should be reduced pending the sale of the marital residence.

We have considered the remaining contentions of the plaintiff and find them to be without merit. Thompson, J. P., Lawrence, Eiber and Balletta, JJ., concur.